IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER JAMES TAYLOR,<br><br>          Plaintiff,<br><br>  v.<br><br>GEORGE CAMACHO HERNANDEZ,<br>et al.,<br><br>          Defendants. | No. C 06-01474 SBA<br><br>**ORDER** |

This matter comes before the Court on Plaintiff Walter James Taylor's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application") and proposed temporary restraining order. Having read considered the papers submitted to the Court, and being fully informed, the Court hereby DENIES Plaintiff's IFP Application and DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction. The Court therefore DENIES Plaintiff's request that the Court issue a temporary restraining order.

## BACKGROUND

On February 27, 2006, Plaintiff, proceeding *in propria persona*, filed a complaint on behalf of himself, and on behalf of other similarly situated "over-incomed indigent would-be litigants," against defendants George Camacho Hernandez, Alameda County, Alameda County Superior Court, California Counties and California County Superior Courts, and AAAAA Rent-a-Space. Plaintiff also filed an IFP Application, a memorandum of points and authorities in favor of a preliminary and permanent injunction, and a proposed temporary restraining order.[1]

## ANALYSIS

**A.    Plaintiff's IFP Application and Complaint**

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to

---

[1] Since Plaintiff is *pro per*, the Court has construed his pleadings liberally. Accordingly, although an ex parte application for a temporary restraining order was not filed, the Court has considered Plaintiff's memorandum of points and authorities in favor of a preliminary and permanent injunction, and the accompanying proposed temporary restraining order, to be such an ex parte request.

United States District Court
For the Northern District of California

Dockets.Justia.com

service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. A pleading filed by a *pro se* plaintiff must be liberally construed. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). To obtain this privilege, a plaintiff must demonstrate, to the Court's satisfaction, his inability to pay the requisite fees and costs. *See Williams v. Marshall*, 795 F.Supp. 978, 979 (N.D. Cal. 1992). A statement of poverty is sufficient if it demonstrates that a plaintiff cannot pay court costs and still be able to provide himself with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty." *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny his request to proceed IFP where he is unable or unwilling to verify his poverty. *Id.* If the court determines that a plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2).

Having reviewed Plaintiff's IFP Application, the Court finds that Plaintiff's allegations of poverty are true. Plaintiff alleges that he receives a monthly income of $318.00 from social security but has monthly expenses in excess of $968.95. Plaintiff also alleges that he is homeless and currently living out of his car. Accordingly, the Court finds that Plaintiff could not pay the requisite court costs and still be able to provide himself with the necessities of life.

However, pursuant to 28 U.S.C. § 1915(e)(2), the Court must also review Plaintiff's claims prior to service and must dismiss the case if it determines that the action fails to state a claim or seeks monetary relief from a defendant who is immune from such relief. Further, the Court is also obligated to make a determination, *sua sponte*, as to whether it has subject matter jurisdiction over the action. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986).

Here, Plaintiff's complaint alleges the following causes of action: (1) violations of Plaintiff's

2

First, Fifth, Thirteenth, and Fourteenth Amendment rights, brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 (brought against Judge Hernandez and other unnamed judicial officers, Alameda County, the Alameda County Superior Court, all of the California counties, and all of the California county superior courts); (2) common law negligence (brought against Judge Hernandez and other unnamed judicial officers, Alameda County, the Alameda County Superior Court, all of the California counties, and all of the California county superior courts); and (3) certain unspecified "state law claims" arising out of Plaintiff's alleged contractual relationship with AAAA Rent-A-Space (brought against defendant AAAA Rent-A-Space only).

Plaintiff's federal complaint is premised on adverse decisions made by the presiding judge in *AAAAA Rent-a-Space v. Taylor*, Case No. HG05231027, a state court action that is currently pending against Plaintiff in the Alameda County Superior Court. Specifically, Plaintiff challenges Judge Hernandez's decisions on September 20, 2005, September 28, 2005, and October 28, 2005 to deny his applications for waiver of court fees and costs. Plaintiff alleges that Judge Hernandez's decisions to deny his applications were willful, wanton, and malicious; and denied Plaintiff of his right to free access of the courts. Plaintiff also alleges, without any factual support, that Judge Hernandez "conspired with his fellow judges for the purpose of impeding, hindering, obstructing, or defeating the due course of justice by denying over-incomed [*sic*] indigent fee waivers under Cal. Govt. Code § 68511.3(a)(6)(B)[2] when they full-well know that consideration of the applications from this class of would-be litigants is actually governed by the requirements of § 68511.3(a)(6)(C)[3]." Additionally, Plaintiff asserts that "[t]his intentional failure and neglect subjects each to liability under 42 U.S.C. § 1986, or if judicial immunity prevails, liability then rests with their county employers." Under his negligence claim, Plaintiff alleges

---

[2] Section 68511.3(a)(6)(B) applies to "[l]itigants whose monthly income is 125 percent or less of the current monthly poverty line annually established by the Secretary of Health and Human Services pursuant to the Omnibus Budget Reconciliation Act of 1981, as amended." Cal. Gov. Code § 68511.3(a)(6)(B).

[3] Section 68511.3(a)(6)(C) applies to "[o]ther persons when in the court's discretion, this permission is appropriate because the litigant is unable to proceed without using money for the use of the litigant or the litigant's family to provide for the common necessaries of life." Cal. Gov. Code § 68511.3(a)(6)(C).

3

that Judge Hernandez and other judicial officers have negligently failed to administer Plaintiff's fee waiver applications according to law. With respect to his cause of action against AAAA Rent-a-Space, Plaintiff alleges that the complaint brought by AAAA Rent-a-Space in *AAAAA Rent-a-Space v. Taylor* fails to state a claim. Plaintiff also alleges that the contract between Plaintiff and AAAA Rent-a-Space is null and void.

Plaintiff does not challenge the constitutionality of California Government Code § 68511.3. Instead, Plaintiff's first and second causes of action are, in essence, a request to have this Court exercise appellate review over Judge Hernandez's application of California Government Code § 68511.3 in the ongoing *AAAAA Rent-a-Space v. Taylor* state court proceedings. Accordingly, this Court does not have jurisdiction over Plaintiff's claims. The *Rooker-Feldman* doctrine provides that a federal district court may exercise only original jurisdiction and thus may not exercise appellate jurisdiction over state court decisions. *See Dubinka v. Judges of the Superior Court of California*, 23 F.3d 218, 221 (9th Cir. 1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)); *see also* 28 U.S.C. § 1257(a). "The purpose of the doctrine is to protect state judgments from collateral federal attack." *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *see also Board of Trustees of Leland Stanford Junior University v. Modual A/C Systems, Inc.*, 54 F.Supp.2d 965, 969 (N.D. Cal. 1999) (noting that *Rooker-Feldman* doctrine derived from both federalism and comity). "Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices*, 252 F.3d at 1029.

The doctrine applies even if the state court decision involves a resolution of federal law. *See Feldman*, 460 U.S. at 484-86 (no jurisdiction even when challenge to constitutional guarantees to due process and equal protection) (citations omitted); *McNair*, 805 F.2d at 891. This is because state courts are considered as competent as the federal courts to decide issues of federal law. *See McNair*, 805 F.2d at 891 (citing *Allen v. McCurry*, 449 U.S. 90, 105 (1980), *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975)). The *Rooker-Feldman* doctrine also applies to decisions by both the state's highest court as well

4

as lower state courts. *See McNair*, 805 F.2d at 893 n.3 ("We agree with the Second and Fifth Circuits that the Feldman doctrine should apply to state judgments even though state court appeals are not final."). Additionally, since federal review of an interlocutory decision would be a collateral federal attack on a state court decision, the *Rooker-Feldman* doctrine applies to interlocutory decisions by state courts as well as final decisions. *Napolitano*, 252 F.3d at 1029 (citations omitted). Since the *Rooker-Feldman* doctrine clearly applies to Plaintiff's first and second causes of action, this Court is without jurisdiction over those claims, and the first and second causes of action are both subject to dismissal with prejudice.

Further, *Younger v. Harris*, 401 U.S. 37, 55 (1971) "and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Hirsch v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995) (citations omitted). In the Ninth Circuit, *Younger* abstention is appropriate if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff challenges Judge Hernandez's decision to deny Plaintiff leave to proceed *in forma pauperis* in ongoing state judicial proceedings. A judicial officer's ability to manage and control access to the courts is an important state interest. Additionally, since Plaintiff is currently proceeding in superior court, he will have the opportunity to challenge Judge Hernandez's decisions in the appropriate appellate court. As such, the *Younger* abstention doctrine also applies, and also bars Plaintiff's first and second causes of action.[4]

As to Plaintiff's third cause of action against AAAAA Rent-a-Space, it is also clear that this Court lacks jurisdiction over this claim. Plaintiff's third cause of action is, by his own admission,

---

[4] The Court also notes that Plaintiff's damage claims against Judge Hernandez and the other unnamed judicial officers are barred by judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986). Further, 42 U.S.C. 1983 "does not provide relief against judges acting purely in their adjudicative capacity." *In re Justices of Supreme Court of Puerto Rico,* 695 F.2d 17, 22 (1st Cir. 1982).

5

premised entirely on state contractual law. As such, Plaintiff's attempt to invoke this Court's jurisdiction over the claim pursuant to 28 U.S.C. § 1331 is improper. Further, since Plaintiff also admits that both he and AAAAA Rent-a-Space are California citizens, there is no diversity jurisdiction. Accordingly, this claim is also subject to dismissal with prejudice.

## B.  Temporary Restraining Order

In his memorandum of points and authorities in favor of a preliminary and permanent injunction, and proposed temporary restraining order, Plaintiff requests that the Court enjoin and restrain Judge Hernandez, other California judicial officers, the California superior courts, and the California counties from "engaging in the practice of denying over-incomed indigent fee waivers by use of Gov. Code § 68511.3(a)(6)(B)." Plaintiff also requests that the Court enjoin AAAAA Rent-a-Space from selling or causing to be sold any of Plaintiff's belongings, or from charging Plaintiff further rent for the storage of his belongings.

A temporary restraining order may be issued if the plaintiff has established: (1) a likelihood of success on the merits and the possibility of immediate irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor. *Metro Publishing, Ltd. v. San Jose Mercury News*, 987 F.2d 637, 639 (9th Cir. 1993); *see also Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914, 917 (9th Cir. 2003). The two components of this test sit on a sliding scale or "continuum." *Southwest Voter*, 344 F.3d at 918. Thus, "the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor." *Id.* Although a request for a TRO by a *pro per* plaintiff should be liberally construed, a plaintiff must still meet the requirements for the granting of this remedy. *See Stoenescu v. U.S.*, 1994 U.S. Dist. Lexis 12896, *1 (S.D.N.Y. 1994).

Here, Plaintiff is unable to demonstrate a likelihood of success on the merits because it is clear that this Court does not have jurisdiction over his claims. Accordingly, Plaintiff's request for a temporary restraining order is DENIED.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiff's Application to Proceed In Forma Pauperis is DENIED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED THAT Plaintiff's request for a temporary restraining order is DENIED. The Clerk is directed to close the file and to terminate any pending matters.

IT IS SO ORDERED.

Dated: February 28, 2006

                                                 _Saundra B Armstrong_
                                                 Saundra Brown Armstrong
                                                 United States District Judge